Judge Shackeleobd,
dissenting:
I cannot concur with my brother Judges, in their conclusions as to the validity of the probate of the Will in the County Court of Sumner. I admit the jurisdiction of the County Court in matters of probate, is general, original and conclusive, within the scope of the powers conferred; but the Legislature, by sec. 2220 of the Code, fixes the time within which administration may be granted. Sub-section 2 of the section referred to, provides, an administration may be granted at any time within twenty years from the death of the deceased, to any person who was an infant, or married woman, when the deceased died. Sub-section 4 of that section, provides: “ But in no other cases, shall let-lers of administration be granted, where the deceased died twenty years before the application made for the same; and all letters testamentary, or letters of administration, granted after said period of said twenty years, to any other than a distributee, who was such infant or married woman, shall be utterly void and of no effect.’ ’
*87 It follows, from these sections of the Code, the County Court of Sumner, had no jurisdiction to grant letters testamentary, or of administration, in this case. More than thirty years having elapsed from the death of Townsend to the grant of the letters of administration upon his estate, the action of the Court was void; and being void by express Statute, must be so declared in any Court, where a right is sought to be enforced based upon their validity. The letters being absolutely null and void, it is the duty of the Court to so declare them, without sending the parties back to the County of Sumner, to set aside the probate. The bill ought to be dismissed upon this ground: 3 Hum., 460; 3 Yer., 411. I concur upon the other points settled in the case.